RECEIVED

JAN 2 6 2009

AT 8:30 ____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – NEWARK DIVISION

MILTON ALVARADO and HOLGUER ORTIZ, individually and on behalf of all other persons similarly situated who were employed by THE MACK GROUP, LLC; and/or any other entities affiliated with, controlling, or controlled by THE MACK GROUP, LLC,

Plaintiffs,

- against -

THE MACK GROUP, LLC; MICHAEL COOPER; and STEPHEN KING,

Defendants.

CIVIL ACTION
FILE NO:

**ACTION UNDER 29 U.S.C. § 203 et seq.**

COLLECTIVE ACTION COMPLAINT

Plaintiffs, by their attorneys, Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), and New Jersey State law §§ 34:11-56a4 *et seq.* and 34:11-56a25 to recover unpaid overtime compensation owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by THE MACK GROUP, LLC ("MACK"), MICHAEL COOPER and STEPHEN KING and/or other entities affiliated with, controlling, or controlled by THE MACK GROUP, LLC, MICHAEL COOPER, and STEPHEN KING (collectively referred to hereinafter as "Defendants").

2. Beginning in approximately 2006, and upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by

applicable federal and state law.

3. Under the direction of MACK's president, Mike Cooper, and vice president, Stephen King, Defendants instituted this practice of depriving their employees of the basic compensation for work performed in excess of 40 hours per week as mandated by federal and state law.

4. The named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees compensation, including overtime compensation, they were deprived of, plus interest, damages, attorneys' fees, and costs.

**THE PARTIES**

2. Plaintiff MILTON ALVARADO resides in the State of New Jersey and was employed by Defendant Gwinnett from June 2007 until December 2008. Plaintiff Alvarado regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided overtime compensation as required by applicable federal and state law.

3. Plaintiff HOLGUER ORTIZ resides in the State of New Jersey and was employed by Defendant Gwinnett from September 2007 until April 2008. Plaintiff Ortiz regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided overtime compensation as required by applicable federal and state law.

4. Upon information and belief, Defendant THE MACK GROUP, LLC is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1500 Kings Highway North, Suite 209, Cherry Hill, New Jersey 08034. Defendant MACK is engaged in the hazardous abatement and construction business, and operates throughout the United States and Puerto Rico, including in New Jersey, New York, Pennsylvania, Ohio, Delaware, Rhode Island, and Connecticut.

5. Upon information and belief, Defendant MIKE COOPER is a resident of New Jersey and at all relevant times was an officer, director and/or owner of Defendant MACK, which is a closely held corporation.

6. Upon information and belief, Defendant STEPHEN KING is a resident of New Jersey and at all relevant times was an officer, director and/or owner of Defendant MACK, which is a closely held corporation.

## JURISDICTION

7. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over all New Jersey State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## CLASS ALLEGATIONS

9. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

10. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants other than office and executive personnel.

11. This action is properly maintainable as a class action pursuant to the New Jersey Rules of Court § 4:32 and N.J. Stat. §§ 34:11-56a25 ("An employee shall be entitled to maintain such action [for unpaid overtime compensation] for and on behalf of himself or other employees

similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated.")

12. This action is brought on behalf of the Plaintiffs and a putative class consisting of each and every other person who performed work as hazardous abatement workers and in other construction-related trades for Defendants and/or other entities controlled by Defendants.

13. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 similarly situated individuals. In addition, the names of all potential members of the putative class are not known.

14. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

15. The claims of the Plaintiffs are typical of the claims of the putative class.

16. The Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FACTS**

18. Upon information and belief, beginning in or about 2006, Defendants employed Plaintiffs and other members of the putative class to perform work as hazardous abatement workers and in other construction-related trades related to MACK's hazardous abatement and construction business.

19. Upon information and belief, while working for MACK, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants in excess of forty (40) hours per week, without receiving overtime compensation as required by applicable

federal and state law.

20. Upon information and belief, while working for MACK, Plaintiffs and the members of the putative class did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

21. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act by failing to maintain proper and complete timesheets or payroll records.

22. Upon information and belief, Defendant Michael Cooper was the president of Defendant MACK, and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for MACK; (iii) determined the rate and method of payment for MACK's employees; and (iv) maintained employment records for MACK.

23. Upon information and belief, Defendant Cooper dominated the day-to-day operating decisions of MACK, made major personnel decisions for MACK, and had complete control of the alleged activities of MACK which give rise to the claims brought herein.

24. Upon information and belief, Defendant Cooper was a supervisor, officer and/or agent of Defendant MACK, who acted directly or indirectly in the interest of MACK, and is an employer within the meaning of the Fair Labor Standards Act. Cooper, in his capacity as president, actively participated in the unlawful method of payment for MACK's employees.

25. Upon information and belief, Defendant Stephen King was the vice-president of Defendant MACK, and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for MACK;

(iii) determined the rate and method of payment for MACK's employees; and (iv) maintained employment records for MACK.

26. Upon information and belief, Defendant King dominated the day-to-day operating decisions of MACK, made major personnel decisions for MACK, and had complete control of the alleged activities of MACK which give rise to the claims brought herein.

27. Upon information and belief, Defendant King was a supervisor, officer and/or agent of Defendant MACK, who acted directly or indirectly in the interest of MACK, and is an employer within the meaning of the Fair Labor Standards Act. King, in his capacity as vice-president, actively participated in the unlawful method of payment for MACK's employees.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**FLSA OVERTIME COMPENSATION**

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27 hereof.

29. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

30. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

31. Plaintiffs and other members of the putative class are employees, within the

meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

32. Defendant MACK is an employer, within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

33. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Cooper is defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

34. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, King is defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

35. Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

36. The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

37. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS –**
**NEW JERSEY OVERTIME COMPENSATION**

38. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37 hereof.

39. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, Defendants willfully failed to pay Plaintiffs and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty hours a week for Defendants.

WHEREFORE, plaintiffs and the putative class demand judgment for:

(a) Damages;

(b) attorneys fees;

(c) costs of suit.

**DESIGNATION OF TRIAL COUNSEL**

LLOYD AMBINDER is hereby designated as trial counsel for the Plaintiffs and putative class.

Dated: New York, New York
January 16, 2009

VIRGINIA & AMBINDER, LLP

By:______________________
Lloyd Ambinder (LA4122)
111 Broadway, Suite 1403
New York, New York 10006
212-943-9080
212-943-9082 (fax)
*Attorneys for Plaintiffs and Putative Class*